# ORIGINAL

## In the United States Court of Federal Claims

No. 17-1449C
(Filed May 23, 2018)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| ANGELIQUE NICHOLE BANKSTON, | \* \* \* \* \* \* |
| Plaintiff, | \* \* \* |
| v. | \* \* \* |
| THE UNITED STATES, | \* \* \* |
| Defendant. | \* \* |

**FILED**

MAY 23 2018

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

As explained in this Court's May 9, 2018 Order, ECF No. 19, this case was dismissed for failure to prosecute. The plaintiff, Angelique Nichole Bankston, had been given numerous time extensions since November of 2017 to file a response to the government's motion to dismiss this case—filed on October 31, 2017. *See* ECF No. 7. Ms. Bankston's response was due on April 10, 2018. *See* ECF No. 18. By May 9, 2018, this Court had received nothing from Ms. Bankston and dismissed this case for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC). ECF No. 19.

On May 17, 2018, a paper opposing the government's motion to dismiss this case was received in a mangled envelope. The certificate of service signed by the plaintiff is dated April 10, 2018. It appears that the envelope was mailed but then returned to the prison's mailroom with an "unable to forward" sticker appended, and then resent after its return. Given Ms. Bankston's *pro se* status and that it appears from the certificate of service that Ms. Bankston delivered the paper to prison-mail staff on April 10, 2018, the paper was timely. *See Houston v. Lack*, 487 U.S. 266, 270–75 (1988) (holding that a *pro se* prisoner's paper is timely filed once it is delivered to prison authorities). Because this case has already been closed, the Court will treat the paper as a motion for reconsideration under RCFC 59 and will allow it to be filed as such. Thus, to the extent that the motion seeks

reconsideration of this Court's determination that Ms. Bankston failed to prosecute her claim, the motion is **GRANTED-IN-PART** because Ms. Bankston did attempt to timely respond to the government's motion.

The plaintiff, however, presents no grounds warranting the reopening of this case. Her paper is premised on "sovereign citizen" beliefs that the United States is a private corporation and that the federal government has imposed its laws on her without her contractual consent. But as this court has previously explained, such "claims are frivolous and cannot serve as the basis for this Court's assertion of jurisdiction." *Mitchell v. United States*, 136 Fed. Cl. 286, 289 (2018). Further, as noted in the Court's May 9 Order, this court has no authority to review the decisions of other federal courts—including criminal judgments. *See* ECF No. 19, at 2 n.†. The motion is therefore **DENIED-IN-PART** regarding plaintiff's attempts to litigate frivolous matters that are beyond this court's jurisdiction, as dismissal was required under RCFC 12(h)(3). This case shall remain closed.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge